UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HECTOR PORCAYO,<br>Individually and on behalf of all others similarly situated,<br>          Plaintiff,<br><br>          v.<br><br>AQUAMARINE POOLS OF HOUSTON, LLC, MARK NARAS and DONNA NARAS<br><br>          Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(B) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Hector Porcayo ("Porcayo") brings this action individually and on behalf of all current and former non-exempt employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Aquamarine Pools of Houston, LLC, Mark Naras and/or Donna Naras ("Defendants" or "Aquamarine"), and were paid a straight hourly wage but no overtime, anywhere in the United States, at any time from August 24, 2018 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.    This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Aquamarine, anywhere in the United States, at any time from August 24, 2018 through the final disposition of this matter, and were paid a straight hourly wage for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Aquamarine not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5. Aquamarine knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

7. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9. Plaintiff Hector Porcayo ("Porcayo") was employed by Aquamarine during the relevant time period. Plaintiff Porcayo did not receive the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

10. The FLSA Collective Members are those current and former non-exempt employees who were employed by Aquamarine, anywhere in the United States, at any time from August 24, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Porcayo worked and was paid.

11. Defendant Aquamarine Pools of Houston, LLC is a Texas Limited Liability Company licensed to and doing business in the State of Texas and may be served with process through its registered agent for service of process: **C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.**

12. Defendant Mark Naras is listed as the Director of Aquamarine Pools of Houston, LLC and an employer as defined by 29 U.S.C. § 203(d). Along with Aquamarine Pools of Houston, LLC, Defendant Naras employed and/or jointly employed Plaintiff and the Putative Class Members. Defendant Naras may be served with process at: **6707 Green Gables Manor, Spring, Texas 77389, or wherever he may be found.**

13. Defendant Donna Naras is listed as the President of Aquamarine Pools of Houston, LLC and an employer as defined by 29 U.S.C. § 203(d). Along with Aquamarine Pools of Houston, LLC, Defendant Naras employed and/or jointly employed Plaintiff and the Putative Class Members. Defendant Naras may be served with process at: **6707 Green Gables Manor, Spring, Texas 77389, or wherever she may be found.**

---

[1] The written consent of Hector Porcayo is hereby attached as Exhibit "A."

14. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Aquamarine Pools and Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has personal jurisdiction over Aquamarine because the cause of action arose within this District as a result of Aquamarine's conduct within this District and Division.

17. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Aquamarine's corporate headquarters are located in Spring, Texas, which is located in this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

20. Aquamarine was founded in 1997 and builds inground pools throughout the State of Texas, Oklahoma and Louisiana.[2]

21. To provide their services, Aquamarine employed (and continues to employ) hundreds of non-exempt employees—including Plaintiff and the individuals that make up the putative or potential class.

---

[2] https://www.aquapools.com/about-us.php.

22. While exact job titles may differ, these non-exempt employees were subjected to the same or similar illegal pay practices for similar work throughout the State of Texas, Oklahoma and Louisiana.

### *Defendants are Joint Employers*

23. Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

24. Specifically, Defendants Mark and Donna Naras dictated (and continue to dictate) the practice goals and what pressing or tactical items needed to be done to meet the goals of Aquamarine and/or their clients.

25. Further, Defendants Mark and Donna Naras managed (and continue to manage) key internal relationships to Aquamarine—that is, they directed (and continue to direct) the financials of Aquamarine and they controlled (and continue to control) the pay of Plaintiff and the Putative Class Members who directly or indirectly report to Defendants Mark and Donna Naras.

26. Defendants Mark and Donna Naras had (and continue to have) the power to hire and fire Plaintiff and the Putative Class Members.

27. Defendants Mark and Donna Naras had (and continue to have) the power to supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment.

28. Defendants Mark and Donna Naras had (and continue to have) the power to determine Plaintiff and the Putative Class Members' rate and method of payment.

29. Defendants Mark and Donna Naras maintained (and continue to maintain) Plaintiff and the Putative Class Members' employment records.

30. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this case.

### *Plaintiff and the Putative Class Members are Similarly Situated*

31. Plaintiff and the Putative Class Members are non-exempt employees who were (and are) paid straight time for all hours worked and no overtime.[3]

32. Plaintiff and the Putative Class Members' job duties consisted of building and installing inground pools for Aquamarine and their clients throughout the State of Texas, Oklahoma and Louisiana.

33. Plaintiff Porcayo was employed by Aquamarine from approximately July 2016 through August 2021.

34. Plaintiff and the Putative Class Members typically worked fifty hours or more per week.

35. Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Aquamarine.

36. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Aquamarine.

37. Virtually every job function was pre-determined by Aquamarine, including the tools to use at a job site, Plaintiff and the Putative Class Members' schedule of work, and related work duties.

38. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

---

[3] A true and correct copy of Plaintiff Porcayo's paystubs from March 2021 through July 2021 are attached hereto as Exhibit B.

39. Moreover, Plaintiff and the Putative Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

40. Plaintiff and the Putative Class Members are blue-collar workers.

41. They rely on their hands, physical skills, and energy to perform manual and routine labor.

42. Aquamarine employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

43. Aquamarine denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

44. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

45. Aquamarine was (and continues to be) aware of their obligation to pay overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

46. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

47. Aquamarine applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were (and are) Aquamarine's ***non-exempt*** employees entitled to overtime.

48. Accordingly, Aquamarine's pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

49. Paragraphs 1–48 are fully incorporated herein.

**A.     FLSA COVERAGE**

50. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER NON-EXEMPT EMPLOYEES WHO WERE EMPLOYED BY AQUAMARINE POOLS OF HOUSTON, LLC, MARK NARAS AND/OR DONNA NARAS, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 24, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

51. At all times hereinafter mentioned, Aquamarine has been a joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

52. At all times hereinafter mentioned, Aquamarine has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

53. At all times hereinafter mentioned, Aquamarine has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

54. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

55. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Aquamarine who helped Aquamarine build and install inground pools throughout the United States. 29 U.S.C. § 203(j).

56. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

57. In violating the FLSA, Aquamarine acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

58. The proposed collective of similarly situated employees—that is, putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 50.

59. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Aquamarine.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

60. Aquamarine violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

61. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Aquamarine's acts or omissions as described herein; though Aquamarine is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

62. Moreover, Aquamarine knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked

and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

63. Aquamarine knew or should have known their pay practices were in violation of the FLSA.

64. Aquamarine are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

65. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Aquamarine to pay them in accordance with the law.

66. The decision and practice by Aquamarine to not pay overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

67. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    FLSA COLLECTIVE ACTION ALLEGATIONS**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Aquamarine's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

70. Other similarly situated employees of Aquamarine have been victimized by Aquamarine's patterns, practices, and policies, which are in willful violation of the FLSA.

71. The FLSA Collective is defined in Paragraph 50.

72. Aquamarine's failure to pay overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Aquamarine, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

73. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

74. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

75. All FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

76. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Aquamarine will retain the proceeds of their rampant violations.

78. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

79. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 50 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

80. Plaintiff respectfully prays for judgment against Aquamarine as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 50 and requiring Aquamarine to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Aquamarine liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order awarding the costs and expenses of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff Porcayo a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of Aquamarine, at Aquamarine's own expense; and

    i. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   August 24, 2021                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Craig D. Henderson**
Federal I.D. No. 5532
Texas Bar No. 00784248
craig@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and Putative Class Members***